David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Joseph Martinez, and all others similarly situated.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSEPH MARTINEZ, on behalf of himself and all others similarly situated

PLAINTIFF,

v.

ALBERTSON'S LLC, a Delaware Limited Liability Company; and DOES 2 through 100, inclusive

DEFENDANTS.

Case No.: 8:25-cv-00023-FWS-(KESx)

THIRD AMENDED CLASS ACTION COMPLAINT

5. **Unfair Competition – Unlawful Prong**
6. **Unfair Competition – Unfair and Fraudulent Prong**

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

This is an action brought by Plaintiff JOSEPH MARTINEZ ("Plaintiff"), on his behalf and all others similarly situated, against ALBERTSON'S LLC, a Delaware Limited Liability Company and other as of yet unnamed DOE Defendants 2-100 (hereinafter collectively "Defendants") alleging, among other things, violations of California's Unfair Competition Law and Labor Code. Plaintiff seeks damages, restitution, attorneys' fees and costs of suit. Plaintiff is informed and believes, and on that basis alleges as follows:

## II. GENERAL ALLEGATIONS

1. This class action arises from Defendants' failure to compensate Plaintiff and the Class one (1) hour of a straight time pay when Plaintiff and the Class did not take a timely 30-minute meal break during a shift pursuant to the "Brea Distribution Center Hourly Associates Meal Break and Time Clock Requirements" ("BDC Meal Pay Contract"). This class action seeks restitution under the Unfair Competition Law against Defendants.

2. Plaintiff seeks, among other things, restitution disgorgement, and to represent, the following Class:

> All current and former California associates of Defendants who signed the Brea Distribution Center Hourly Associates Meal Break and Time Clock Requirements. (The "BDC Class" or "Class").

3. This action was properly filed in Orange County and in this judicial district because Defendants do business in Orange County, out of Brea, California, and because Defendants' obligations and liabilities arise therein.

4. Plaintiff is a former associate and hourly non-exempt employee of Defendants in the state of California and a resident of California.

5. Plaintiff is informed and believes, and thereon alleges that Defendant ALBERTSON'S LLC, is a Delaware Limited Liability Company.

6. The true names and capacities, whether individual, corporate, associate,

or otherwise, of DOES 2 through 100 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

7. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable Defendants, each acting as agents and/or employees, and/or under the direction and control of each other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8. Plaintiff is informed and believes, and thereon alleges, that DOES 2 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of ALBERTSON'S LLC, and were acting on behalf of ALBERTSON'S LLC in the payment of wages to Plaintiff and the Class.

9. At all relevant times alleged herein Plaintiff was employed by Defendants and performed work for Defendants in Orange County in the state of California.

## III. FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

10. During the Class Period, Plaintiff and the Class worked as associates and non-exempt hourly employees for Defendants.

11. Defendants' primary business is the operation of grocery stores. This work is accomplished in part by Plaintiff and the Class members.

12. Throughout the period of four (4) years prior to the filing of this action through the date of class certification ("Class Period"), Plaintiff and all Class members were and are associates and employees of Defendants in the state of California.

13. Throughout the Class Period, Defendants knowingly and willfully engaged and continued to engage in an unlawful scheme to avoid complying with

California laws.

14. Throughout the Class Period, Albertson's LLC's regular practice and policy was to provide an onboarding packet to newly hired Class members, including Plaintiff, at or near their time of hire and to request the Class, including Plaintiff, to sign written employment terms and conditions included in the onboarding packet.

15. Throughout the Class Period, Albertson's LLC's regular practice and policy was to provide Plaintiff and the Class the BDC Meal Pay Contract as part of the onboarding packet.

16. Throughout the Class Period, Albertson's LLC's regular practice and policy was to provide Plaintiff and the Class an onboarding packet containing a Labor Code § 2810.5 document, which states, in part:

4. The name, address, and telephone number of your employer is:

- American Stores Company, LLC (also operates in California under the "doing business as" names of Albertsons, Albertsons Inc., Albertsons Sav-On, or Savon; Lucky's and Savon.

  Address: 250 Park Center Blvd, Boise, ID 83726
  Fullerton Division Office:
  Albertson's (714) 300-6000

American Stores Company is a corporation and part of the SUPERVALU INC. family of companies.

17. Plaintiff is informed, believes and alleges that Albertson's LLC is registered as a separate and distinct legal entity to American Stores Company, LLC ("ASC"). Plaintiff is informed, believes and alleges that Defendant Albertson's LLC is not a "DBA" of ASC. Albertson's LLC's Human Resources Manager testified that reference to ASC as the employer on the Labor Code §2810.5 form was a typographical error.

18. During the Class Period, Albertson's LLC, as a regular practice and policy, did not directly provide Plaintiff and the Class a copy of any collective bargaining agreement governing the employment and rather instructed Plaintiff and the Class that a copy of the applicable collective bargaining agreement could be obtained through the union.

19. Throughout the Class Period, Albertson's LLC's regular practice, policy and course of business was to require Plaintiff and Class members each, respectively, to sign the BDC Meal Pay Contract, that provides, in relevant part:

> **Brea Distribution Center**
>
> **Hourly Associates**
>
> **Meal Break and Time Clock Requirements**
>
> As you know, California law requires that all hourly paid associates working shifts of greater than 5 hours take a timely meal break of at least thirty (30) minutes. To ensure complete compliance with this meal break requirement, please carefully read the below policy.
>
> **Meal Break Requirement**
>
> - Associates are required to take their meal break at the time it is scheduled- no exceptions- which will be as close to the mid-point of the shift as possible, but no more than 5 hours into the shift.
> - Associates may not skip their scheduled meal break or take a meal break of less than 30 minutes, e.g, a 29-minute meal break is not acceptable.
>
> **Policy Violations**
>
> - Associates who do not take a timely 30-minute meal break will be paid one (1) hour of pay at their straight-time rate of pay. However, associates violating this policy will also be subject to corrective action as follows for failing to follow the meal break requirement:

20. Throughout the Class Period, Albertson's LLC's regular practice, policy and course of business was to obtain agreement to the employment terms or conditions of the BDC Meal Pay Contract by obtaining Plaintiff's and the Class members' signature on the BDC Meal Pay Contract.

21. Throughout the Class Period, Albertson's LLC's regular practice and policy was to inform Plaintiff and the Class during training that they were to take their meal break at the end of their shifts.

22. Throughout the Class Period, Plaintiff and Class Members worked shifts without taking a full, timely, 30-minute meal break prior to five (5) hours into the shifts.

23. Throughout the Class Period, Defendants failed to pay Plaintiff and the Class one (1) hour of pay at their straight-time rate of pay for shifts where Plaintiff and the Class did not take a timely 30-minute meal break.

24. Plaintiff is a member of and seeks to be the representative for the Class

of similarly situated employees who worked pursuant to signing the terms and promises of the BDC Meal Pay Contract, as alleged herein.

25. During the Class Period, Albertson's LLC promised Plaintiff and the BDC Class, who did not take a timely 30-minute meal break, would be paid one (1) hour of pay at their straight-time rate of pay pursuant to its promise in the BDC Meal Pay Contract. Albertson's LLC did not pay one (1) hour pay at the straight-time rate of pay to Plaintiff and the BDC Class who did not take a timely 30-minute meal break pursuant to its promise. Albertson's LLC's representation violates established public policy or is immoral, unethical, oppressive or unscrupulous, causing injury to Plaintiff and the BDC Class, as Albertson's LLC understood that its promise in the BDC Meal Pay Contract constituted an unenforceable promise based on a collective bargaining agreement(s) between Defendant Albertson's LLC and Teamsters Local 952.

26. During the Class Period, Albertson's LLC promised Plaintiff and the Class, who did not take a timely 30-minute meal break, would be paid one (1) hour of pay at their straight-time rate of pay pursuant to its promise in the BDC Meal Pay Contract. Albertson's LLC did not pay one (1) hour pay at the straight-time rate of pay to Plaintiff and the Class who did not take a timely 30-minute meal break pursuant to its promise. Albertson's LLC's representation violates established public policy or is immoral, unethical, oppressive or unscrupulous, causing injury to Plaintiff and the  Class, as Albertson's LLC understood that its promise in the BDC Meal Pay Contract constituted an unenforceable promise based on a collective bargaining agreement(s) between Albertson's LLC and Teamsters Local 952.

27. Because of Defendants' conduct, Plaintiff and the Class continue to suffer monetary damages as a direct consequence of Defendants' unlawful acts, to the detriment of Plaintiff, the Class, and the public at large.

## CLASS DEFINITION AND CLASS ALLEGATIONS

28. Plaintiff brings this action on his own behalf and on behalf of all others

similarly situated, pursuant to California Code of Civil Procedure §382, and as a member of the Class defined as follows:

> All current and former California associates of Defendants who signed the Brea Distribution Center Hourly Associates Meal Break and Time Clock Requirements. (The "Class" or "BDC Class").

29. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

30. Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

31. This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

32. **Numerosity:** Members of the Class are so numerous that their individual joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants' business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

33. **Typicality:** Plaintiff's claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff has been subjected to Defendants' breaching employment practices, as alleged in this Complaint.

34. **Adequacy of Class Representative:** Plaintiff will fairly and

adequately protect the interests of the classes. Plaintiff's interests do not conflict with Class members' interests, and Plaintiff has retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

35. **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

a. Whether Defendants improperly retained, appropriated or deprived Plaintiff and members of the Class of the use of monies or sums pursuant to California's Unfair Competition Law, Section 17200, *et seq.*;

b. Whether Defendants engaged in unfair and/or fraudulent practices pursuant to California's Unfair Competition Law, Section 17200, *et seq.*, by promising to, but not, paying Plaintiff and the Class one (1) hour of straight time pay for shifts where Plaintiff and the Class did not take a timely 30-minute meal break;

c. Whether Defendants engaged in unlawful practices pursuant to California's Unfair Competition Law, Section 17200, *et seq.*, by promising to, but not, paying Plaintiff and the Class one (1) hour of straight time pay for shifts where Plaintiff and the Class did not take a timely 30-minute meal break; and

d. The nature and extent of class-wide injury and measure of damages for the injury.

36. **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented illegal schemes that are generally applicable to the members of the proposed plaintiff class and sub-classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of

the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

37. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believes, and on that basis alleges, that the amount of money due to each Class member as economic damages is ascertainable from Defendants' records or may readily be determined by other means.

38. The Classes should also be certified because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or have refused to act on grounds generally applicable to the class and/or the general public, thereby making final and injunctive relief, as well as declaratory relief, with respect to the Class as a whole, appropriate.

///

///

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION – UNLAWFUL PRONG

## Violation of Business and Professions Code §§ 17200, *et seq*.

(Against all Defendants)

39. Plaintiff re-alleges and incorporates by reference, as though set fully forth herein, paragraphs 1 through 37 of this Complaint.

40. Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since four (4) years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of California Business and Professions Code ("B&PC") §§17200, *et seq.* including the practices alleged herein.

41. Defendants are "persons" as defined by Business and Professions Code §17201.

42. Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on his own behalf and on behalf of the current, former, and future employees of Defendants that were denied contractual compensation due to Defendants' unlawful business practices.

43. Plaintiff and the Class have suffered injuries-in-fact and have lost money as a result of the Defendants' unfair competition alleged herein.

44. Defendants have previously or continue to engage in unlawful business practices, as alleged in this complaint, in violation of Labor Code §432.5 and California's B&PC §§17200 *et seq*.

45. Labor Code §432.5 states that "[n]o employer, or agent, manager, superintended, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer to be prohibited by law."

46. During the Class Period, Defendants knew that the promise of pay, terms, and/or conditions in the BDC Meal Pay Contract constitute an unenforceable

promise prohibited by law.

47. During the Class Period, Defendants understood Albertson's LLC was not authorized to require Plaintiff and the Class to agree to the terms or conditions in the BDC Meal Pay Contract.

48. During the Class Period, Defendants required Plaintiff and the Class to agree, in writing, to the BDC Meal Pay Contract by signing the BDC Meal Pay Contract.

49. During the Class Period, Plaintiff and the Class members consistently worked shifts without a full, timely, thirty (30) minute meal break taken within five (5) hours into the shift.

50. Defendants failed to and did not pay Plaintiff and the Class one (1) hour of straight-time rate of pay when Plaintiff and the Class worked shifts without a full, timely, thirty (30) minute meal break taken within five (5) hours into the shift.

51. As a result of this unlawful business practice, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class members, and others similarly situated, and the members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to the Class, including Plaintiff.

52. Plaintiff and the Class members seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unlawful business practices complained of herein. Plaintiff seeks on behalf of himself and the Class members, restitution of monies retained by Defendants, including interest thereon. Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the action.

53. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants have engaged in unlawful business practices prohibited by California B&PC §17200, thereby depriving their employees and the

Class members wages owed to them. Plaintiff seeks an order requiring Defendants to pay restitution to Plaintiff and the Class, including interest.

54. By and through their unlawful business practices and acts described herein, Defendants has obtained valuable services from Plaintiff and all persons similarly situated, and has deprived Plaintiff and all persons similarly situated of compensation owed to them to their detriment.

55. Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants has acquired, or of which Plaintiff and class members have been deprived by means of the herein described unlawful business practices.

56. Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above-described business practices are unlawful and declaratory relief of Defendants engaging in any of the herein described unlawful business practices.

57. Plaintiff and the Class members request attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION – UNFAIR AND FRAUDULENT PRONGS**

**Violation of Business and Professions Code §§ 17200, *et seq*.**

(Against All Defendants)

58. Plaintiff re-alleges and incorporates by reference, as though set fully forth herein, paragraphs 1 through 37 of this Complaint.

59. Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since four (4) years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of California Business and Professions Code ("B&PC") §§17200, *et seq.* including the

practices alleged herein.

60. Defendants are "persons" as defined by Business and Professions Code §17201.

61. Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on his own behalf and on behalf of the Class that were injured by Defendants' Unfair and Fraudulent Business Practices in violation of B&PC §§17200, *et seq.*.

62. Plaintiff and the Class have suffered injuries-in-fact and have lost money as a result of the Defendants' unfair competition alleged herein.

63. Defendants have previously or continue to engage in fraudulent and/or unfair business practices, as alleged in this complaint, in violation of California's B&PC §§17200 *et seq*. by promising to pay one (1) hour of straight time pay to Plaintiff and the Class when Plaintiff and the Class did not take a full 30-minute meal break prior to 5 hours in a shift but not paying this one (1) hour of straight time pay to Plaintiff and the Class when Plaintiff and the Class did not take a full 30-minute meal break prior to 5 hours in a shift. This constitutes unfair business practices and/or fraudulent business practices in violation of California B&PC §17200, *et seq.*

64. Defendants' representation was likely to deceive a reasonable associate as Defendants understood, and/or planned, that the promise of payment contained in the BDC Meal Pay Contract was an unenforceable promise

65. Defendants' representation violates established public policy or is immoral, unethical, oppressive or unscrupulous, causing injury to Plaintiff and the Class, as Defendants understood that their promise in the BDC Meal Pay Contract constituted an unenforceable promise.

66. During the Class Period, Defendants promised Plaintiff and the Class, who did not take a timely 30-minute meal break, would be paid one (1) hour of pay at their straight-time rate of pay pursuant to its promise in the BDC Meal Pay

Contract. Defendants did not pay one (1) hour pay at the straight-time rate of pay to Plaintiff and the Class who did not take a timely 30-minute meal break pursuant to its promise. Defendants' representation was likely to deceive as Defendants understood that BDC Meal Pay Contract constituted an unenforceable promise based on a collective bargaining agreement(s) between Defendant Albertson's LLC and Teamsters Local 952.

67. During the Class Period, Defendants promised Plaintiff and the Class, who did not take a timely 30-minute meal break, would be paid one (1) hour of pay at their straight-time rate of pay pursuant to its promise in the BDC Meal Pay Contract. Defendants did not pay one (1) hour pay at the straight-time rate of pay to Plaintiff and the Class who did not take a timely 30-minute meal break pursuant to its promise. Defendants' representation violates established public policy or is immoral, unethical, oppressive or unscrupulous, causing injury to Plaintiff and the Class, as Defendants understood that its promise in the BDC Meal Pay Contract constituted an unenforceable promise based on a collective bargaining agreement(s) between Defendant Albertson's LLC and Teamsters Local 952.

68. As a result of these unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, the Class members, and others similarly situated, and the members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to the Class, including Plaintiff.

69. Plaintiff and the Class members seek full restitution of said monies, as necessary and according to proof, to restore any and all monies withheld and/or acquired by Defendants by means of the unfair and fraudulent business practices complained of herein. Plaintiff seeks on behalf of himself and the Class members, restitution of monies retained by Defendants including interest thereon. Absent a statutory provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint.

70. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants have engaged in deceptive and unfair business practices prohibited by California B&PC §17200, thereby depriving employees and the Class members wages owed to them. Plaintiff seeks an order requiring Defendants to pay restitution to Plaintiff and the Class, including interest.

71. By and through its unfair and/or fraudulent business practices and acts described herein, Defendants have obtained valuable services from Plaintiff and all persons similarly situated, and has deprived Plaintiff and all persons similarly situated of compensation owed to them to their detriment.

72. Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and Class members have been deprived by means of the herein described unfair, and/or fraudulent business practices.

73. Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above-described business practices are unfair and/or fraudulent, and declaratory relief of Defendants engaging in any of the herein described unfair and/or fraudulent business practices.

74. Plaintiff and the Class members request attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class representative;
3. An order that counsel for Plaintiff be appointed class counsel;
4. An order requiring Defendants to identify, by name, email address, address and telephone number for all individuals defined in the Class for the period

of four (4) years prior to the filing of this action through the date of class certification;

5. For restitution of all one (1) hour of pay, at the straight-time rate of pay, for each shift that Plaintiff and the Class did not take a full thirty (30) minute meal break taken within five (5) hours into the shift;

6. For pre-judgment interest as allowed by Cal. Civil Code §§ 3287, 3289 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

7. For all applicable interest on restitution, damages, wages, and expenses due;

8. For injunctive relief;

9. For costs of suit, expenses and attorneys' fees pursuant Code of Civil Procedure §§ 1021.5, 1033.5, and all other applicable law,

10. For declaratory relief that Defendants engaged in unfair and/or unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.;

11. For restitution of all moneys due to Plaintiff and the Class members, and disgorged profits from the fraudulent and/or unfair business practices of Defendants pursuant to California Business & Professions Code §§ 17200 et seq.;

12. For restitution of all moneys due to Plaintiff and Class members, and disgorged profits from the fraudulent, unlawful and/or unfair business practices of Defendants pursuant to California Business & Professions Code §§ 17200 et seq., and;

///

///

///

///

///

13. For all such other and further relief that the Court may deem just and proper.

Date: 8/12/2025

**THE MYERS LAW GROUP, A.P.C.**

By: /s/Jason Hatcher
David P. Myers,
Jason Hatcher,
Andriana N. Bravo
Attorneys for Plaintiff and all others similarly situated